**THE LAW OFFICE of**
**ELLIOT M. ELO, ESQ. PLLC**
**ATTORNEY AT LAW**
42 WEST 48TH STREET, 2ND FLOOR
NEW YORK, NEW YORK 10036
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com

---

July 10, 2026

Hon. Jessica G. L. Clarke, U.S.D.J.
United States District Court, Southern District of New York
Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601
*VIA CM/ECF*

**MEMO ENDORSED**

**Re:** ***Washington v. LVNV Funding LLC, No. 7:26-cv-02294-JGLC-JCM***
**Plaintiff's Letter-Motion Regarding Rule 4(e) Election, Amended Complaint, and Alternative Request for Leave and Extension**

Dear Judge Clarke:

This firm was recently retained to represent Plaintiff Richard Mordecai Washington III and has entered an appearance. On July 9, 2026, undersigned counsel obtained and provided Plaintiff with the motion to dismiss filed at ECF Nos. 7 and 8, which Plaintiff states he had not previously received. Within ten days of that receipt, Plaintiff hereby gives notice under Individual Rule 4(e) that he elects to amend. Plaintiff filed his First Amended Complaint today at ECF No. 11 and submits as Exhibit A the redline required by Individual Rule 1(e). Plaintiff respectfully requests that the Court deem the First Amended Complaint operative and direct the parties to proceed under Individual Rule 4(e).

***Timeliness of the Rule 4(e) election and Rule 15 amendment.***

Individual Rule 4(e) requires a non-moving party, within ten days after receipt of a motion to dismiss, to notify the Court whether the party intends to amend or will rely on the challenged pleading. Plaintiff first received the motion through undersigned counsel on July 9, 2026, making this July 10, 2026 election timely under that Rule.

Plaintiff also submits that the First Amended Complaint was timely under Rule 15(a)(1)(B) because the motion was not validly served upon an attorney authorized to represent him in this Court. Defendants' certificate reflects attempted service through ECF and by mail directed to Brian L. Ponder. Mr. Ponder had been disbarred before removal and before the motion was filed, did not enter an appearance in this Court, and was not registered in this action to receive ECF notice. Defendants were aware of his disbarment, stating in their memorandum that "Plaintiff's disbarred counsel is still listed as counsel of record." ECF No. 8-1 at 1 n.1. Plaintiff therefore submits that service directed only to Mr. Ponder did not constitute service upon an attorney then authorized to act for Plaintiff.

Plaintiff recognizes that Rule 5 ordinarily directs service to counsel and that mail service is ordinarily complete upon mailing. The issue here, however, is not merely nonreceipt. It is whether a person whom Defendants knew had been disbarred before removal remained an attorney authorized to receive service for Plaintiff. Plaintiff respectfully submits that Mr. Ponder was not authorized to receive service and that the twenty-one-day period under Rule 15(a)(1)(B) therefore did not begin before Plaintiff received the motion through newly retained counsel.

***Effect on the pending motion.***

If accepted as of right or with leave, the First Amended Complaint supersedes the prior complaint. Under Individual Rule 4(e), LVNV must, within twenty-one days after the amendment, either answer, file a new motion to dismiss, or file a letter stating that it relies on the initially filed motion. If LVNV answers or files a new motion, the Court's Rule provides that the original motion will be denied as moot.

***Scope of the amendment.***

By the notice filed at ECF No. 10, Plaintiff voluntarily dismissed J. Robbin Law, PLLC and Jonathan M. Robbin without prejudice and without costs or attorneys' fees under Rule 41(a)(1)(A)(i). The First Amended Complaint therefore proceeds solely against LVNV Funding LLC. It narrows the action to FDCPA claims against LVNV concerning pre-contact furnishing, misleading collection reporting, and failure to report the debts as disputed.

***Alternative relief under Rules 15(a)(2) and 6(b)(1)(B).***

If the Court concludes that Rule 15(a)(1)(B)'s period began upon Defendants' March 2026 mailing, Plaintiff respectfully requests that the Court deem the First Amended Complaint filed with leave under Rule 15(a)(2). Leave should be freely given when justice so requires. The amendment is Plaintiff's first; it narrows the parties and claims; discovery has not begun; no scheduling order would be disrupted; and LVNV may answer, move anew, or rely on its existing motion under Individual Rule 4(e).

To the extent an extension is also necessary, Plaintiff requests relief under Rule 6(b)(1)(B). Under *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, the inquiry is equitable and considers prejudice, the length and effect of the delay, the reason for the delay and whether it was within the movant's control, and good faith. 507 U.S. 380, 395 (1993). Plaintiff recognizes that clients ordinarily are accountable for counsel's acts and that the Second Circuit places particular weight on the reason for delay. See *id.* at 396-97; *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003).

Those factors favor relief here. LVNV will suffer no cognizable litigation prejudice because the action remains at the pleading stage and Individual Rule 4(e) affords it twenty-one days to respond to the amendment. The amendment will not disrupt discovery, trial, or any scheduled conference. The delay resulted from the unusual circumstance that Plaintiff's former counsel was disbarred before removal and the motion was thereafter directed only to that former counsel, leaving Plaintiff without actual notice or functioning counsel in this Court. Plaintiff acted promptly after retaining undersigned counsel and receiving the motion. There is no indication of bad faith, tactical delay, or disregard of a known deadline.

***Information required by Individual Rule 2(e).***

To the extent the Court treats this letter-motion as requesting an extension: (1) Plaintiff understands that, if the March 2026 service was effective, his opposition deadline expired on or about April 9, 2026; Plaintiff requests that the First Amended Complaint filed at ECF No. 11 be deemed his response under Individual Rule 4(e), or alternatively be accepted with leave; (2) this is Plaintiff's first request for an extension concerning the motion; (3) no prior request was granted or denied; (4) the reasons for the request are stated above; (5) on July 10, 2026, undersigned counsel requested LVNV's position by email, and LVNV had not responded as of filing; and (6) no conference or other appearance is presently scheduled.

Plaintiff respectfully requests that the Court: (1) accept Plaintiff's timely election under Individual Rule 4(e); (2) deem the First Amended Complaint at ECF No. 11 filed as a matter of course under Rule 15(a)(1)(B), or alternatively grant leave under Rule 15(a)(2) and any necessary extension under Rule 6(b)(1)(B); (3) accept the redline submitted as Exhibit A pursuant to Individual Rule 1(e); and (4) direct LVNV to proceed under Individual Rule 4(e), with the pending motion to be denied as moot if LVNV answers or files a new motion.

Respectfully submitted,

s/ Elliot M. Elo

Elliot M. Elo, Esq.
*Attorney for Plaintiff*

cc: Counsel for LVNV Funding LLC via CM/ECF

For the reasons stated herein, the Court grants leave for Plaintiff to file the proposed First Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). The Court also notes that Defendant never opposed the motion and therefore identified no prejudice to it or bad faith on the part of Plaintiff. Plaintiff shall file the now operative complaint by July 27, 2026. Defendant has until August 17, 2026 to file: (1) an answer; (2) a new motion to dismiss; or (3) a letter stating that it is relying on the initially filed motion to dismiss at ECF No. 8.

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

Dated: July 23, 2026
White Plains, New York