UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD MORDECAI WASHINGTON III a/k/a Richard M. Washington, Plaintiff, -against- LVNV FUNDING LLC, Defendant. | 26-CV-2294 (JGLC) **OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Richard M. Washington brings an action against Defendant LVNV Funding LLC for alleged violations of the Fair Debt Collection and Practices Act, 15 U.S.C. § 1692 *et seq.*, after he was denied an American Express credit card and subsequently discovered that Defendant reported two past-due debts on his credit report. Defendant moves to dismiss this action, contending both that Plaintiff fails to state a claim and that the Court lacks personal jurisdiction over Defendant. The Court agrees that personal jurisdiction is lacking here. Nonetheless, the Court is inclined to exercise its discretion to transfer this action to the District of Nevada; however, the parties did not sufficiently brief this issue. For these reasons and for those stated below, the Court GRANTS in part Defendant's motion to dismiss and ORDERS the parties to show cause as to why this action should not be transferred to the District of Nevada.

**BACKGROUND**

The following facts are, unless otherwise noted, taken from the First Amended Complaint, ECF No. 16 ("Am. Compl."), and presumed to be true for the purposes of the instant motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

Plaintiff is a resident of Nevada. ECF No. 1-1 (the "Removed Complaint" or "Removed Compl.") at 3. On November 13, 2025, Plaintiff submitted a credit card application to American

Express. Am. Compl. ¶ 40. That same day, American Express declined the application. *Id.* By adverse-action letter, American Express informed Plaintiff that it had obtained a credit report from Experian reflecting that Plaintiff's FICO credit score was 624 and that his credit score was a factor in the denial. *Id.* On or about November 20, 2025, Plaintiff obtained his Experian consumer disclosure, which reflected a FICO credit score of 639. *Id.* ¶ 15. The Experian disclosure also contained two outstanding debts reported by Defendant LVNV Funding LLC ("LVNV"): one for $12,880, and another for $22,833. *Id.* ¶¶ 17–18. Both debts originated from Navy Federal Credit Union and were bought by Defendant. *See id.* As of July 9, 2026, both debts remained on Plaintiff's credit report. *Id.* ¶ 25.

On November 21, 2025, Plaintiff commenced an action against Defendant in the Supreme Court of the State of New York, Westchester County, alleging that Defendant, based to the foregoing events, had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (the "First New York Action"). *Washington v. LVNV Funding LLC*, No. 165155/2025 (N.Y. Sup. Ct. Nov. 21, 2025), NYSCEF No. 1. On January 2, 2026, after Plaintiff moved for default judgment in the First New York Action, Defendant cross-moved to dismiss the case for lack of personal jurisdiction. *Id.* at NYSCEF Nos. 15, 26. While both motions were pending, Plaintiff and Defendant engaged in settlement talks. Specifically, on February 12, 2026, Defendant's former counsel, Jonathan Robbin ("Robbin"), sent an email to Plaintiff proposing that Plaintiff pay a certain amount to settle his outstanding debts. Removed Compl. at 6. In response, on February 13, 2026, Plaintiff sent Robbin a counteroffer and demand disputing the debts under Section 1692g(b) of the FDCPA. *Id.* That same day, Robbin insisted that Plaintiff pay Defendant. *Id.* Plaintiff then increased his counteroffer, which Robbin rejected. *Id.*

On February 16, 2026, Plaintiff commenced a new action against Defendant, Robbin, and Robbin's law firm, J. Robbin Law, PLLC, in the Supreme Court of the State of New York, Westchester County, at Index No. 57541/2026 (the "Second New York Action"). *See* ECF No. 1. In the Second New York Action, Plaintiff alleged that his communications with Robbin, who was located in Armonk, New York, violated Sections 1692g, 1692e, and 1692f of the FDCPA, and Defendant's continued reporting of the debts violated the Fair Credit Reporting Act ("FCRA") and New York state law. Removed Compl. at 6–9. On March 12, 2026, Plaintiff voluntarily dismissed the First New York Action. *Washington v. LVNV Funding LLC*, No. 165155/2025 (N.Y. Sup. Ct. Mar. 12, 2026), NYSCEF No. 36.

On March 19, 2026, Defendants removed the Second New York Action to this Court pursuant to 28 U.S.C. § 1441(a). ECF No. 1. On March 26, 2026, Defendant moved to dismiss the Removed Complaint. ECF No. 8. On July 10, 2026, Plaintiff filed a notice of voluntary dismissal as to Robbin and J. Robbin Law, PLLC. ECF No. 10. On July 23, 2026, Plaintiff amended the Removed Complaint and filed the operative complaint in this action (the "First Amended Complaint"). ECF No. 16. On August 18, 2026, Defendant moved to dismiss the First Amended Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and failure to state a claim under Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss"). ECF No. 17. Because this Court finds, for the reasons stated below, that it lacks personal jurisdiction over Defendant, this Opinion only addresses that issue.

## LEGAL STANDARD

On a Rule 12(b)(2) motion, the plaintiff "bears the burden of establishing that the court has jurisdiction over the defendant," and where the court did not conduct "a full-blown evidentiary hearing on the motion, the plaintiff need only make a prima facie showing of

jurisdiction." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). The plaintiff may meet this burden by relying on his pleadings and affidavits, which are to be construed in the light most favorable to the plaintiff. *Mersen USA EP Corp v. TDK Elecs. Inc.*, 594 F. Supp. 3d 570, 578 (S.D.N.Y. 2022). "If the Court lacks personal jurisdiction over a defendant, the claims against that defendant must be dismissed." *Id.*

## DISCUSSION

The discussion proceeds in four parts. First, the Court determines that Defendant did not waive its personal jurisdiction defense by raising it in the Motion to Dismiss the First Amended Complaint rather than earlier in this action. Second, the Court concludes that it lacks personal jurisdiction over Defendant. Third, the Court denies Plaintiff's request for jurisdictional discovery. Fourth, and lastly, the Court directs the parties to show cause as to why the Court should not exercise its discretion to transfer this case to the District of Nevada.

### I. Defendant Did Not Waive the Personal Jurisdiction Defense

Plaintiff first contends that Defendant has waived any personal jurisdiction defense by not raising it in its initial motion to dismiss in this action. That argument is meritless. "The defense of lack of personal jurisdiction may be waived in two ways. First, it may be waived by failure to meet the formal requirements of Federal Rule of Civil Procedure 12(h)(1). Under that rule, the defense is waived if it is not raised in the defendant's first Rule 12 motion, or included in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." *Hack v. Stang*, No. 13-cv-5713 (AJN), 2014 WL 4652596, at *2 (S.D.N.Y. Sept. 18, 2014) (cleaned up). Second, if a defendant engages in significant delay before challenging personal jurisdiction in a motion dismiss, it may also result in waiver, "even where the requirements of Rule 12(h)(1) are otherwise met." *Id.* (citing *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d

Cir. 1999)). Nonetheless, the Second Circuit has cautioned that courts should be "slower to find waiver by a defendant wishing to contest whether it [is] obliged to defend in a distant court." *Hamilton*, 197 F.3d at 60 (quoting *Datskow v. Teledyne, Inc., Cont'l Prods Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990)).

Defendant did not waive its right to assert the defense of lack of personal jurisdiction because the Removed Complaint alleged jurisdictional facts that the First Amended Complaint does not. Although the defense of lack of personal jurisdiction is "not automatically revived by the submission of an amended complaint," such a defense may be revived where the defendant shows that the changes to the amended complaint are such that, in fairness, should nullify the defendant's earlier waiver and allow it to reassess its strategy. *Carroll v. Trump*, 88 F.4th 418, 432 (2d Cir. 2023) (quoting *Gilmore v. Shearson/Am. Express Inc.*, 811 F.2d 108, 112–13 (2d Cir. 1987)). For the following reasons, Defendant made such a showing.

Defendant's principal argument is that the First Amended Complaint substantively changed the nature of the dispute by removing allegations concerning Robbin's communications from New York, which Defendant asserts constituted the basis of the Removed Complaint. ECF No. 21 ("Reply Br.") at 2. The removal of those allegations justifies Defendant's change of position with respect to challenging personal jurisdiction.

After Plaintiff commenced the First New York Action, Defendant moved to dismiss for lack of personal jurisdiction. While that motion was pending, Plaintiff commenced the Second New York Action and filed the Removed Complaint. Plaintiff then voluntarily dismissed the First New York Action, which rendered Defendant's motion to dismiss moot. *See Washington v. LVNV Funding LLC*, No. 165155/2025 (N.Y. Sup. Ct. Mar. 13, 2026), NYSCEF No. 37 (denying as moot Defendant's motion to dismiss).

The Removed Complaint alleged that during the First New York Action, Robbin, who was located in New York, made Plaintiff a settlement offer on behalf of Defendant. Removed Compl. at 6. In response, Plaintiff sent Robbin a demand disputing the debts and a counteroffer. *Id.* After some back and forth, negotiations between Plaintiff and Robbin ultimately failed. *Id.* Plaintiff's assertions that Robbin's communications violated Sections 1692g, 1692e, and 1692f of the FDCPA formed the basis of the first three causes of action in the Removed Complaint. *See id.* at 7–8. Defendant claims that based on those allegations, the defense of lack personal jurisdiction was not available to it when the Removed Complaint was filed. Reply Br. at 5.

In contrast to the Removed Complaint, the First Amended Complaint removed reference to any communications between Plaintiff and Robbin and the causes of action predicated on them. In fact, as discussed *infra* Section II, the First Amended Complaint removed almost all references to any events that took place in New York. Plaintiff acknowledges that those changes are "material merits changes." ECF No. 19 ("Opp.") at 8. To that end, Defendant was justified in changing its position on whether the defense of lack of personal jurisdiction was available to it. *See Gilmore*, 811 F.2d at 113.

Furthermore, Defendant did not delay in raising the issue of personal jurisdiction. "[W]aiver may not be proper where the defense is raised at the first pragmatically possible time and applying it at that time would not unfairly prejudice the opposing party." *Am. Fed. Grp., Ltd. v. Rothenberg*, 136 F.3d 897, 910 (2d Cir. 1998). Defendant challenged personal jurisdiction at its first opportunity once Plaintiff's jurisdictional allegations were removed. Therefore, because Defendant did not waive its lack of personal jurisdiction defense, the Court will proceed to analyze Defendant's Rule 12(b)(2) motion to dismiss.

**II. The Court Lacks Personal Jurisdiction Over Defendant**

The Court does not possess jurisdiction over Defendant. To exercise personal jurisdiction over a defendant, three requirements must be met: "(1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles." *Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*, 22 F.4th 103, 121 (2d Cir. 2021) (cleaned up). Defendant does not appear to contest the propriety of service, so the Court proceeds to only analyze the latter two requirements: (1) New York's statutory scheme for personal jurisdiction; and (2) whether jurisdiction in this case would comport with due process.

For the first step of this analysis, the applicable long-arm statute is CPLR 302(a)(1). Under this statute, a "court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state," so long as the plaintiff's "cause of action aris[es]" from such transaction. N.Y. C.P.L.R. 302(a)(1). In other words, in determining whether personal jurisdiction may be exercised under CPLR 302(a)(1), "a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (alteration in original) (citing *Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.*, 7 N.Y.3d 65, 71 (2006)).

Plaintiff fails to plausibly allege facts to satisfy either requirement. First, the First Amended Complaint contains no facts alleging that Defendant transacts any business in New York. Plaintiff alleges that Defendant is "authorized to do business in New York" and has a registered agent designated for the service of process in New York. Am. Compl. ¶¶ 14, 31. Under

New York law, a foreign corporation does not consent to general personal jurisdiction "by merely registering to do business in the state and designating an in-state agent for service of process." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499 (2d Cir. 2020). Plaintiff clarifies that he does not intend to rest on those allegations to establish jurisdiction. Opp. at 10. Stripped of those allegations, the First Amended Complaint does not allege that Defendant transacts business in New York.

Moreover, there are no allegations meeting the second requirement of CPLR 302(a)(1): that the cause of action arises from a business transaction in the state. *Best Van Lines, Inc.*, 490 F.3d at 246. Other than a section title, "Plaintiff's November 13, 2025 credit denials in New York," the First Amended Complaint contains no facts that any events took place in New York. Am. Compl. at 10. By contrast, Defendant has affirmed that all actions it, its agent Resurgent Capital Services, L.P. ("Resurgent"), and Navy Credit Federal Union took pertaining to Plaintiff's account and the debts at issue occurred in Nevada. Affidavit of Patricia Sexton dated December 31, 2025 ("Sexton Aff.") ¶ 13, ECF No. 17-6.[1] Therefore, this Court cannot maintain personal jurisdiction over Defendant under Section 302(a)(1).

Although a full analysis of the constitutional prong is unnecessary, Plaintiff fails to satisfy that as well. A court may assert general jurisdiction over a foreign corporation when "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). The Court cannot exercise

[1] The Sexton Affidavit reads "the state of Las Vegas." The Court believes this to be a typographical error and that the affiant meant the state of Nevada.

general personal jurisdiction over Defendant because it is a Delaware limited liability company and has its sole office in Greenville, South Carolina. Am. Compl. ¶ 14; Sexton Aff. ¶ 6. And because Plaintiff fails to allege that Defendant conducts business in New York or that any events giving rise to the cause of action took place in New York, Plaintiff cannot show the constitutionally required "minimum contacts" that defendants must have with the forum state for the exercise of specific jurisdiction. *See Dow Jones & Co, Inc. v. Perplexity AI, Inc.*, 797 F. Supp. 3d 305, 331 (S.D.N.Y. 2025) ("Generally, if a defendant meets the contacts requirement under the long-arm statute, it also meets the minimum contacts requirement under the constitutional analysis."). Accordingly, the Court lacks personal jurisdiction over Defendant.

**III. The Court Denies Plaintiff's Request for Jurisdictional Discovery**

The Court denies Plaintiff's request for jurisdictional discovery. Opp. at 10–11. "It is within a district court's discretion to determine whether a plaintiff is entitled to conduct jurisdictional discovery." *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004). Although jurisdictional discovery is "sometimes appropriate when there is a motion to dismiss for lack of jurisdiction, plaintiff must first make a threshold showing that there is some basis for the assertion of jurisdiction." *Daval Steel Prods. v. M.V. Juraj Dalmatinac*, 718 F. Supp. 159, 162 (S.D.N.Y. 1989) (internal quotation marks omitted). "Where a plaintiff fails to allege facts that would support a colorable claim of jurisdiction or identify a genuine issue of jurisdictional fact, that plaintiff should not be entitled to use the court processes to attempt to find support for having commenced the litigation." *Roddey v. KPMG L.L.P.*, No. 22-CV-7405 (VSB), 2025 WL 1104538 at *7 (S.D.N.Y. Apr. 14, 2025) (cleaned up). "A party seeking jurisdictional discovery . . . bears the burden of showing necessity." *Molchatsky v. United States*, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011), *aff'd*, 713 F.3d 159 (2d Cir. 2013).

Here, as discussed, Plaintiff has not made a threshold showing that there is a basis for personal jurisdiction. *See RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009) ("[I]f the plaintiff has failed to establish a *prima facie* case for personal jurisdiction, jurisdictional discovery is generally not granted."). Nor have Plaintiff's allegations made a "sufficient start" toward establishing personal jurisdiction. *Reed Int'l, Inc. v. Afg. Int'l Bank*, 657 F. Supp. 3d 287, 298 (S.D.N.Y. 2023). Plaintiff requested jurisdictional discovery on "account-specific information," specifically, "(1) where decisions concerning furnishing and dispute handling for these two accounts were made; (2) where any post-December 4, 2025 furnishing, verification, confirmation, or other communication concerning these accounts originated, if any; (3) the allocation of furnishing and dispute-handling responsibilities between LVNV and Resurgent for these accounts; (4) whether any New York employee, office, system, agent, or vendor participated in those account-specific functions; and (5) whether LVNV directed any collection activity concerning these two debts into New York." Opp. at 11.

Defendant affirmed, however, that Resurgent serves as a records custodian and master servicer for Defendant and that all account-specific activities occurred in Nevada. Sexton Aff. ¶¶ 3, 13. Plaintiff failed to come forward with any basis to dispute this evidence. As such, in light of Defendant's affidavit, which is properly considered in deciding a motion to dismiss for lack of personal jurisdictional, Plaintiff's proposed areas of jurisdictional discovery would amount to an "unfounded fishing expedition for jurisdictional facts." *Vista Food Exch., Inc. v. Champion Foodservice, LLC*, 124 F. Supp. 3d 301, 315 (S.D.N.Y. 2015). Therefore, the Court denies Plaintiff's request.

Because the Court does not have personal jurisdiction over Defendant, the Court does not address the merits of Plaintiff's claims. *See One Techs., LLC v. Amazon.com, Inc.*, 860 F. App'x

785, 788 (2d Cir. 2021) (holding that where a district court has no jurisdiction over a defendant, it "lack[s] power to dismiss a complaint for failure to state a claim" (quoting *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) (en banc))).

**IV. The Court Orders the Parties to Show Cause as to Why This Case Should Not Be Transferred to the District of Nevada**

The Court is inclined to exercise its discretion to transfer this action to the District of Nevada. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." A district court has "power to transfer venue even if it lacks personal jurisdiction over the defendants." *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001).

Plaintiff requests that, in the alternative to dismissal for lack of personal jurisdiction, the Court transfer this case to a district it may have been brought, including the District of Nevada. Opp. at 13. Defendant's only response is that Plaintiff has not made a formal motion to transfer. Reply Br. at 10. Although Defendant did have the opportunity to respond to this request and has so far made no substantive opposition, the parties have not sufficiently briefed the issue of transfer. Based on the information currently before the Court, however, transfer seems appropriate.

A court performs a two-part inquiry when determining to transfer an action. First, the court determines whether the action "might have been brought initially" in the transferee court, meaning that the defendant is subject to personal jurisdiction and venue would be proper there. *Unlimited Care, Inc. v. Visiting Nurse Ass'n of E. Mass., Inc.*, 42 F. Supp. 2d 327, 333 (S.D.N.Y. 1999). Then, the court evaluates whether transfer "would be an appropriate exercise of the Court's discretion." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp.

2d 735, 743 (S.D.N.Y. 2013). To guide that inquiry, courts consider several factors, including "(1) the convenience of witnesses; (2) the convenience of parties; (3) the location of relevant documents and the ease of access to those sources of proof; (4) the center of the operative events at issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy." *Bank of Am., N.A. v. Hensley Props., LP*, 495 F. Supp. 2d 435, 440 (S.D.N.Y. 2007). Although no one factor is dispositive, "[t]he location of operative events is a 'primary factor'" when deciding to transfer a case. *Id.*

Here, transfer to the District of Nevada may be warranted. First, it appears this action could have been brought there. Nevada permits its courts to exercise personal jurisdiction to the fullest extent permitted by the Due Process Clause, so the relevant personal jurisdiction inquiry is whether the cause of action arises from Defendant's contacts with Nevada. *See Bayer Schera Pharma AG v. Sandoz, Inc.*, Nos. 8-CV-371(PGG), 8-CV-8112(PGG), 2009 WL 440381, at *5–6 (S.D.N.Y. Feb. 18, 2009) (citing Nev. Rev. Stat. § 14.065(1)). All actions taken by Defendant pertaining to Plaintiff's outstanding debts and which form the basis of Plaintiff's suit took place in Nevada, so Defendant is likely subject to personal jurisdiction there. For similar reasons, the District of Nevada is a proper venue, as "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). Then, the interest of justice would be served by transferring this action to the District of Nevada. Plaintiff is a Nevada resident. All actions taken by Defendant, Resurgent, and Navy Federal Credit Union with respect to Plaintiff took place in Nevada. Therefore, because the locus of operative facts lies in Nevada and this action would otherwise be dismissed for lack of

personal jurisdiction over Defendant, the interest of justice appear to be served by transferring this action to the District of Nevada. *See Yurman Designs, Inc. v. A.R. Morris Jewelers, LLC*, 60 F. Supp. 2d 241, 246 (S.D.N.Y. 1999).

For these reasons, the Court is inclined to transfer this action to the District of Nevada. Before doing so, however, the parties shall be given an opportunity to present their views on this issue. *See Barnet v. Elan Corp.*, 236 F.R.D. 158, 164 (S.D.N.Y. 2005). Accordingly, the Court orders the parties to show cause why this case should not be transferred to the District of Nevada. The parties are ordered to simultaneously file supplemental memoranda limited solely to this issue by **November 9, 2026**. Each side is limited to 3,500 words.

**CONCLUSION**

For the reasons stated herein, the Court GRANTS in part Defendant's motion to dismiss for lack of personal jurisdiction. The Court ORDERS the parties to show cause, by **November 9, 2026**, as to why an order should not be issued transferring this action to the District of Nevada.

The Clerk of Court is respectfully directed to terminate ECF No. 17.

SO ORDERED.

Dated: October 23, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge